Mr. Panner, happy to hear from you. Thank you, Judge Wilkinson. May it please the Court. The American rule creates a strong presumption that each party to civil litigation must bear its own attorney's fees, and that presumption is reflected in the rule of statutory construction, which provides that a statute will not be read to authorize an award of attorney's fees unless it does so specifically and explicitly. Why do you think this is an award of attorney's fees under the American rule or contrary to the American rule? In other words, my question goes to whether this is a fee-shifting statute at all. It sounds to me like it could be simply that when there's an ex parte proceeding in which you force the government to come in and be a party when they really don't have any specific interest except to run the system, that Congress wants you to pay for the cost, and the district court concluded that the cost meant the time paid the attorneys, not their fees at some kind of market rate, and their other out-of-pocket expenses. Well, I think that goes to the heart of the case, Your Honor, and I'd like to make a point. Well, it does, but I mean, the question is you started off as if this were a fee-shifting statute, and it doesn't look like it even purports to be a fee-shifting statute. Well, I don't think it is a fee-shifting statute, but what happened here is that fees were shifted, Your Honor, and that was quite clear. Well, they're not fee-shifted. Your Honor, first of all, the district court specifically said that it was awarding attorney's fees as part of the expenses of the proceeding. That's what the district court held. The court held that the expenses that the government paid these lawyers in their jobs, there's no profit in there, there's no fees shifting, there's no market assessment. It was the cost that the government paid these attorneys in conducting this effort to defend the case, and that's what the district court awarded. But, Your Honor, that cost was precisely the cost of legal representation in this civil  It was specifically and only- Sure, because that was part of their cost of doing it. And it wasn't assessed as penalty. It wasn't assessed on who prevailed. But Your Honor, I think that your question goes to the issue whether the rule that the parties must bear their own fees, which has been so articulated in many Supreme Court cases and cases of this court, is somehow not applicable because they are characterized in this proceeding as expenses. And there's no authority to support their opposition. No, it's more than that. It's more than that. The American rule of shifting fees or bearing your own fees and having that rebutted only by a clear fee-shifting statute is a circumstance where somebody prevails or there's a public policy favoring the filing of it, like a private attorney's general or a punishment type of deal. But none of that is applicable here. It's not a prevailing party. It's not a policy of having private attorneys general. It's clear that regardless of who wins or loses, you pay the expenses that are putting the government to defending this action. As an initial matter, Your Honor, what the statute says- It's only in the ex parte case. So that's also indicative because if it's a case involving parties, that doesn't apply. In a fee-shifting statute, it would apply. Your Honor, we're not writing on a blank slate here. The clearest proof that the interpretation that the district court adopted at the government's urging is incorrect is the fact that until recently, for 170 years, under this statute, the Patent Act analog, and its predecessors, the United States government had never, ever sought as a category of expenses in this type of litigation- I understand that. But that could apply regardless of whether it's expenses or attorney's fees. In other words, they just have not used this statute to recover. But Your Honor, they have used the statute to recover. That is to say, they have sought, and indeed there's a case of this court, Robertson, where they sought the transportation costs associated with attending a deposition, which were denied by the district court. And then this court said, no, there are expenses there. So the sort of suggestion that the government just never looked at this statute, and therefore never sought recovery expenses is not true. What do you propose is the reason that Congress imposed expenses on an ex parte loser before the Patent Trademark Office? I think, Your Honor, and we address this in our brief, at the time that the statute was passed, 1839, and in that environment, if a party wanted to seek review, there was a mechanism for bringing a bill in equity at that time. There was no sitting court judges that were on government payroll to hear that case. You would have to pay a judge to sit in that case. There were people who were designated to sit, but they got fees associated with the case. And so Congress made very clear in adopting this, that if you are an applicant, you want to continue to pursue your application by bringing a civil action in court after the PTO has ruled, you have to pay for the expenses of that proceeding. The court is going to charge you. It doesn't say that. But you're not reading the statute correctly, because the statute says this applies only in an ex parte case where the government is named the defendant. That's true, Your Honor. All right. So if it's fee shifting for getting the process, it should apply in every case. In other words, regardless of whether there are parties there. Not at all, Your Honor. The fact that the government is being forced to be a party in this ex parte case, and they say it's going to pay all the expenses. That's right, Your Honor. But if you think about the difference between an ex parte and an inter partes proceeding. In an inter partes proceeding, there will be private parties on both sides that have an interest in the matter. And therefore, it's a perfectly reasonable thing to say that the prevailing party in the civil action that follows on after a decision in an inter partes proceeding, whether it be a trademark trial and appeal board or a patent trial and appeal board, to say, OK, if you lost, you're now going to court. That's a fee shifting deal. It's not fees, Your Honor. In that circumstance, what would be assessed are costs to the prevailing party under the ordinary civil rule. And so the point is that there is a provision. What is quite clear, and again, this is something. What happens when you go up to the, what do you pay when you take, when the PTO denies to register the trademark, and then you go up to the TTAB, what do you pay before the TTAB? It's a very small fee, Your Honor. I believe it's in our brief. I'm doing it by memory, but it's certainly less than a couple of hundred dollars. I don't recall the exact amount. To go to the TTAB? Correct. If you go to the federal circuit as opposed to seeking a de novo review in the district court, what do you pay there? Ordinary fees of an appeal, Your Honor. It's just cost and filing fees? Correct, Your Honor. And then cost would be awarded under the ordinary federal rule. But the point is, isn't it that the district court proceeding is very different in kind from an appeal to the federal circuit simply because you get discovery and a much more, you get a de novo review, you get discovery, you get to enlarge the record. Isn't that very different in kind from an appeal to the federal circuit? It's certainly a different sort of proceeding, Your Honor. Yes. It's an evidentiary proceeding. And as a result, there's- And so what you're saying is you've got a choice, and if you take the fancier route or the more elaborate route, the government shouldn't be required to subsidize that. Your Honor, what the government should not be required to do is to bear the cost of what the statute says. The expenses of the proceeding, that is the costs that are associated with having the proceeding go forward. But the government- But why wouldn't expenses include attorney's fees? It's a broad term. If they had wanted to just say court costs, they would have just said court costs. Your Honor, the presumption goes in exactly the opposite direction under the American rule. If Congress had wanted to designate attorney's fees as recoverable- You think, you say they have to interject something there after expenses and say including attorney's fees? All expenses including attorney's fees? Yes, Your Honor. If they had done that or if they do that, that would take care of it. It would, Your Honor. They could add three. Congress could amend it tomorrow and have three words and fix it. That's correct, Your Honor. If that's just what they really want to do. That's exactly right, Your Honor. And I think- Isn't it a rule of statutory construction that when you use an omnibus or large term such as expenses that spares you from the need to subitemize? Not in this circumstance, Your Honor, for the same reason that other broad terms such as costs in other statutory contexts where we've cited in our brief where there have been broad authorizations for recovery of all damages or of all expenses, the courts have said, no, that's not sufficient to overcome the American rule. And I think it's a matter of appropriate statutory construction. There are a number of indications in the statute and in its history- Will you list a bunch of different citations out of the U.S. Code where they say expenses including attorney's fees, right? Actual expenses including attorney's fees. There are statute- So they obviously knew how to do it the way you say that ought to be done. That's exactly right, Your Honor. Whether they have to or not. Reasonable expenses including attorney's fees. And it's not just with- Actual expenses including attorney's fees. Some of them in the Lanham Act itself? That's right, Your Honor. There are five of them. Five of them in the Lanham Act itself. And there's some in Title 28, Title 5, Title 12, Title 14, Title 42, Rule 37B. There are quite a few. Reasonable expenses including attorney's fees? Quite a few. Does that count for you or against you because of the fact that they say including attorney's The counterargument is that there's an understanding there that attorney's fees is an expense. As we pointed out, Your Honor, the verbiage that Congress uses is various. So it will say- there are statutes that say you can recover your cost expenses and attorney's fees indicating that they're separate. There are statutes that say costs including attorney's fees even though it's quite clear that when Congress uses the term cost, it doesn't mean attorney's fees. Has any court ever construed this particular provision other than the district court here? Has it construed it? Has anybody- are there any court decisions on this particular provision? All expenses is whether it includes attorney's fees or not other than the district court in this case. The answer to that is no, Your Honor. The answer to that is no. So we're on a clean slate or we're the first one? I don't think you're on a clean slate. We're the first court of appeals? Pardon? I don't think you're on a clean slate for the- Well, he says the district court said that it's a case of first impression as the parties have cited no published decision addressing the issue nor has any been found. And I don't- Is that correct? Is that true up to today? That is correct, Your Honor. I mean, that was almost a year ago. That is correct, Your Honor. But I think the reason why I say that that does not provide a clean slate is that this is a, again, this is a provision that has been in the United States Code in this form or in a closely related form for a very long time. And if- Remember that under the American- There's been no place ever contested before. But that, Your Honor, is extremely powerful evidence. I do not believe that it is reasonable to- for a couple of points. The government, there has been some litigation, not much, over whether there are recoverable expenses that go beyond court costs. The government and the government has cited two of those cases, two, Your Honor. Whether there are any others, I don't know. But- You don't think of the word expenses, but the statute reads, doesn't it, expenses of the proceeding? Yes, Your Honor. And isn't- aren't attorney's fees an expense of the proceeding? Because that's- it certainly is an expense of a proceeding for the government. I don't think so, Your Honor. I think it's an expense of the PTO, potentially. But again, I think that Judge King's point- Well, if it was up to the proceeding, there would have been no need to incur the expense. That's not true, Your Honor. As a factual matter, that's not true. These were not- and in fact, it goes to the- If they weren't working on this case? There's no indication that there were any incremental expenses associated with this case. But that's not- They have to hire more people. I mean- I don't want to overemphasize the point because it's really not the basis on which we're contesting it. And it would- They also had the word all in front of expenses. All expenses of the proceeding is what the- is exact language, right? All expenses. It is. And that word makes clear that both sides' recoverable costs will be borne by the party bringing the proceeding. And again, there's nothing strange about the idea that an applicant who wants to continue to pursue the application by bringing a civil action would have to bear court costs. It makes sense. Again, if you think about the context in which the statute was originally adopted- And this is- Let me get it out so you can address it. The entire analysis is dependent on a notion that we're shifting fees from an ordinary proposition instead of creating a different type of reimbursement here. Fee shifting is- I have never seen a fee shifting statute that's not contingent on some aspect of an exceptional case, prevailing party, to punish one side or the other, to give a party the encouragement to bring a suit as a private attorney general. And it's contingent on the outcome of the case in that sense. You win the attorney's fees and you get none if you lose. This case, this situation says just the opposite. It says whether they win or lose. And so clearly that message is that we're talking about all expenses, whether you win or lose, is an expense of the government in having to come in and they limit it to the cases, not to all cases, just the cases where the government has to come in because if there are other parties in it, that statute doesn't provide. So you come away feeling that the whole discussion about fee shifting statutes where you say expenses including attorney's fees, I don't even think they have to be relevant. That just may help define expenses. But in this case, it looks like Congress wanted to reimburse the government for coming in and participating in this particular type of proceeding, whether it wins or loses. In other words, all its expenses. Your Honor, I'd like to answer your question. I do want to- I'm mindful of the fact that I'm into my rebuttal time. So let me try to be brief. What Congress would have understood that when there was civil litigation that was going to go forward as authorized by here, Section 21B, that the government would have lawyers that would pursue that work. And if the- and Congress moreover knows that there's a very strong presumption that in civil litigation, win or lose, parties bear their own attorney's fees. That- That's the common law, isn't it? Yes, it is, Your Honor. And in the- Common law. Very strong presumption. And the idea that Congress- and so the rule of Alyeska, although it is talking about shifting fees generally to a prevailing party, the question- the principle there is very evident. Just as this court took the American rule and said, although the American rule is talking about when we shift fees, it's also quite relevant to considering whether we would expand an explicit fee shifting provision to attorneys and said, we're not going to do that because of this general understanding that parties bear the cost of legal representation. But we often- you know, we often use the phrase personnel expenses. I mean, I've heard businesses use that phrase, oh, personnel, we've got a personnel expense. So why wouldn't the time of the government attorneys be a personnel expense? Your Honor, the issue is really not whether the- whether the payment for an attorney could be an expense. If the PTO went out and hired the Cravath firm to represent them in this case, that would be an expense. And indeed, it might even, in a certain circumstance, hiring private counsel might be a reasonable expense. But it would unquestionably be attorney's fees. That is, it is the cost of legal representation. And the American rule, again, that is the context in which Congress has adopted and then recodified. Why did they add the clause, whether they win or lose that language, whatever the language is? Yes. And that does go back all the way. That seems to me to counter everything you're arguing because it's- does it- the American rule involve it's whether- who wins and who loses. Everybody bears his expense. Here, they're saying the government is going to be reimbursed its- all its expenses, whether you win or lose. But, Your Honor, that's not what the statute says. What the statute says is that win or lose, the applicant must bear the expenses- it used to be the whole of the expenses. Now, all the expenses of the proceeding. And again, that's adopted in a context in which- They want to- Obviously refers to the lawsuit in district court, right? I agree, Your Honor. But the point is that- It was a discouragement from coming to the district court. They wanted them to go to the Court of Appeals? Your Honor, I don't think there's a question of discouraging or not. As a practical matter, there is- You know, I don't think it's a pay-as-you-go system. What effect, if any, is this going to have on- I mean, the PTO just has a gigantic backlog. And to the degree that you tie the attorneys up in this kind of litigation, does that have any impact on this backlog? I mean, I think patent and trademark law, I don't want to- I'm just- I'm not sure Congress wanted it bogged down in an enormous amount of litigation. And this seems to be going in that direction. You can get your appeal. You just have to pay a premium for it. And as you know, most pay-as-you-go systems have a situation, if you want to make an op- if you want to select a certain kind of option, you may have to pay a premium. And this seems to me the way this is constructed, and the premium here is attorney's fees. It's not as if you're being strangled in terms of process. You get to go to the TTAB, then you get to go to the federal circuit, if you want. And you can also take the fancier option and go to the district court, where you can get some more discovery and all that goes along with the district court proceeding. But to take that, you have to pay a premium. And it seems to me that's a perfectly logical way to take the provision taken as a whole, especially when as Judge King points out, they use the word all expenses, which suggests including more rather than less. But in any event, I wonder if you would mind addressing whatever it is you wish to address in your rebuttal comments. Thank you, Your Honor. Thank you. Ms. Lilly, let's hear your side of it. Good morning. May it please the Court, Janie Lilly for the Patent and Trademark Office. Your Honor, Congress designed this unique statutory scheme that says when you pursue what Judge Wilkinson described as the fancier procedure, and in these circumstances, it's a fancier procedure because the disappointed applicant wishes to present new evidence that it didn't present, in many cases, new evidence that it didn't present before the agency. And that's why- But it also gets discovery, and it's de novo. It's just a full-blown trial. Exactly, Your Honor. It includes interrogatories. Why didn't they write it better then? Why do you want us to rewrite it for you? Your Honor, if you think about the statute that Chamath says that Congress should have written, he asks that Congress write the statute that says all expenses, including attorney's fees-  All expenses, including attorney's fees. Actual expenses, including attorney's fees. Reasonable expenses, including attorney's fees. They know how to write this, and they know the American rule is the common law, and statutes that derogation of the common law are strictly construed. That's the rule, isn't it? That's another rule. Yes, Your Honor. So, strictly construing it, why don't they have to write it in there? Why would we want to write it? We don't run prisons. They want us to run the prisons this morning. We don't run schools. They want us to run the schools. Now, you want us to do Congress' job and rewrite the statute. Congress was clear here. And the government, even in its brief, they abandoned the term attorney's fees. I mean, in the lower court, that's all they talked about was attorney's fees, attorney's fees, attorney's fees. Everybody, and the judge wrote it up as attorney's fees, and you all get in your brief, and you won't even use the terminology attorney's fees. Yes, Your Honor. You don't like it. You don't like it. If you think about the statute and the reasons why Congress might not have written it in the way that it used the phrase expenses, including attorney's fees elsewhere. And they can fix it tomorrow. Yes, Your Honor. They can fix it, and they well would, but it looks to me like, under the precedent, the American rule is the American rule, and it's sacred, almost, in this country, until some Congress explicitly says otherwise. In answer to your questions, Your Honor, if Congress had written expenses including attorney's fees in the context of an ex-party proceeding where PTO is the only party and doesn't have statutory authority. But it's the alternative of common, if you select the alternative, if you go over there, you're going, it's all expenses, all expenses, but they can say it. All they had to do was add those words, and they know how to do it. We know from all these other provisions in the United States Code, not just in Title 28, but everywhere. Yes. Title 42. All kinds of titles got the very terminology that the courts have said you need to go out the American rule. If I may, Your Honor. Switch it over. Those other examples. And this is a case of first impression up here, and you want us to fix it. I don't think it needs fixing, Your Honor. Elsewhere in the Code and in the Lanham Act. You want us to fix it because the words aren't in there, and you want us to say that implicitly the terminology including attorney's fees is there. All expenses including attorney's fees, parenthetically, set off with commas, however you want it. You want us to say that all expenses in the proceeding, of the proceeding, includes attorney's fees, or attorney's salaries, or whatever you characterize them as. It includes them. Yes, Your Honor. And if we don't hire private attorneys, you prorate the salaries of the people that worked on it. That's exactly correct. Your Honor, elsewhere in the Code, the provisions specifying expenses including attorney's fees refer to general litigation. Here, the only party that – It's a different type of litigation. I understand that. Yes. The Patent and Trademark Office, with no authority to hire outside counsel. They don't have attorney's fees. They have personnel expenses. The attorneys that come into court are agency attorneys. And that the expenses that PTO includes, incurs, are personnel expenses. There's no salary. There's no fee arrangement with the client. That's right, Your Honor. And to use the attorney's fees language, it wouldn't be applicable to this kind of proceeding because the government is not in a fee arrangement with its own lawyers. Exactly, Your Honor. We pay expenses, not fees, in this context, particularly where we're talking about an ex parte appeal. And that's what you all litigated as in the district court. I was going to say, you've changed the terminology now. We have been consistent with our position that we are – On appeal, you've changed the terminology. I can read – That we are seeking. I can read the papers in the district court and I can read the papers that have been filed here. The terminology has been changed. Below, we filed a motion seeking both attorney's fees under Rule 37 and reasonable expenses. And there was some slippage in the usage. But regardless, we think it makes no difference. What we're talking about here are salaries of the attorneys of the agency. In response to your questions about the American rule, the Supreme Court in Keytronic and the D.C. Circuit have suggested that Congress need not invoke the word attorney's fees. There's no magic rule requirement. It just needs to make its intent clear. And here, the language is clear. Congress used the term expenses and then specified which expenses, all expenses. Shamus does not contest that under the ordinary meaning of the term expenses, PTO incurred personnel expenses. We paid this $37,000. The attorneys and the paralegal expended their time and resources. They were pulled away from other trademark matters in here. But they're not. The point is they're under a salary arrangement. I mean, they're not under a fee agreement. They're not under a fee arrangement. Exactly, Your Honor. Exactly. So, I guess your point is it would have looked odd. It would look very odd to specify attorney's fees when we know from the other examples in the code that Judge Ellis pointed to that expenses often includes attorney's fees. The natural meaning, the Supreme Court made clear in Taniguchi and Arlington Central School Board that the term expenses is a capacious one. It includes non-taxable costs. This court has made clear in construing this very provision that expenses is a broad term. And then Congress further clarified which expenses, all expenses of the proceeding. So if Shamus contends that, if Shamus does not contest as he does not that salaries of the PTO employees are expenses in the usual and ordinary meaning of the term, then the only question is whether they're included in the term all expenses of the proceeding. And we think it's clear that they are. And there is very good reason that that's the case. In the context of a user-funded agency like the PTO, if Shamus does not pay for the expenses of electing. But that gets into a policy argument that that's what, since it's a user-funded agency, that's the way they ought to be wanting to do it. They ought to get the people that use it to pay for it. Yes, Your Honor. But that runs head on into the common law rule of the American rule that the Congress need to be explicit if it's going to throw out the American rule that you bear your own expenses. Yes. On attorney's fees. And for the reasons that I explained, Congress was explicit. It used the general capacious attorney expenses. It was not explicit with respect to attorney's fees. Yes, Your Honor. It was not explicit. So the only way you can succeed is to say this is really not attorney's fees, it's attorney's salaries. No, Your Honor. And paralegal salaries. And you've managed to switch up a little bit when you got up here on appeal. I'll agree with that. No, Your Honor. In Keytronic, the Supreme Court made clear that the absence of a specific reference to attorney's fees is not dispositive if the statute otherwise evinces an intent to provide for such fees. And it's done so here. It used the word expenses, which the Supreme Court in other cases has noted is, in the ordinary sense, is a broad, open-ended term that includes all the expenses of the litigation. Here, the principal expenses of the agency in defending these actions are the personnel expenses. It's also clear that but for Shamus's choice to proceed in the district court, these attorneys and paralegals would be working on other things and the PTO would not have incurred these expenses. So, the American rule notwithstanding, the statute is clear and would clearly satisfy it, but Your Honor is incorrect that Congress needs to specify attorney's fees where particularly in this context, the use of the term attorney's fees would make little sense. The more natural way to express what Congress expressed here would be to say all expenses of the proceeding to mean expenses of the PTO. As we pointed out in our brief, the 1836 Patent Act, three years prior to the amendment that included the predecessor to the language we have here, used the term expenses in connection with salaries of the PTO. So, there was an early connection between the term expenses and paying for salaries of the patent attorney. Of course, there's a way if they want to fix it. They can just say all expenses not including attorney's fees. Exactly, Your Honor. I mean, it's easily, if we're going to get into fixability, it's easy to fix either way. But your point is, you know, you've got a term which absolved the need to sub-itemize expenses. There might be a whole lot of expenses, costs, filing fees, et cetera, et cetera. But, you know, well, we've been over the different arguments. But it's fixable on the other end. If they don't want to include attorney's fees, they can make that. The question is where the presumption lies. And Judge King makes a very good point about normally the presumption lies with the American rule and a statute in derogation of common law has to be clear. But the question is whether this is really in derogation of the American rule at all where you have an ex parte proceeding and the attorneys are not working on a fee schedule. Yes, Your Honor. In addition, the nature of the scheme here is one, as you pointed out earlier, is one not in the classic sense of winners and losers that the American rule typically applies to. It's not the American rule as the Supreme Court has acknowledged is designed to remove the burdens associated with uncertainty of litigation to not penalize plaintiffs from bringing claims or defendants from defending claims. Here, Congress made clear that's not what it's getting at at all. Win or lose, the applicant must pay for the cost of its choice to proceed in the district court. And when it's ex parte in concept, I gather that the agency is really defending itself. It's like defending the judge in the case. It's not taking an opposing party. It's defending the judge. And if a person's lost, you're saying the judge got it right. That's really what you're doing, which is a different proceeding than intra parte's proceeding. Yes, Your Honor. In this context in particular, the reason that in many cases and increasingly post Hyatt v. Capos, the reason that the PTO is in the district court at all is because the disappointed applicant wants to bring new evidence that in many cases he could have brought before the agency. And so it's a do-over with de novo review, with the expensive and burdensome process before the district court. And Congress was clear that the disappointed applicant must pay for the expenses of those proceedings. Otherwise, he can go to the federal circuit. In one sense, the system is friendly to the trademark applicant. Because nobody is trying to restrict the right of an appeal. At a very minimum, you get to go to the federal circuit if you want. And then you can pay court costs and filing fees. That's right. But it's a choice. I don't know of many. There's not too many administrative schemes that give a particular applicant, once you get beyond the agency level, that give you a choice and say, well, I mean, to some extent, the tax system gives you a choice as to whether to go to tax court or district court. But the normal situation is, yeah, if you want to take an appeal, you go to one place. Here you get an option. Exactly, Your Honor. It's unusual in that respect. And then we think perhaps unique in that it says win, lose, or draw. You pay for the expenses associated with one particular choice. And the end bank federal circuit in Hyatt v. Capos acknowledged that that is because the plaintiff would bear the heavy economic burden of these expenses in order to deter gamesmanship and to prevent sandbagging the agency. Saying, ah, I won't put my best foot forward before the agency because I'll get a second bite at the apple before the district court. So there's very good reason for Congress to make that choice and to do so clearly using all expenses of the proceeding. The court has no further questions. We will ask that the order of the district court granting the PTO's personnel expenses as all expenses of the proceeding be affirmed. We have no further questions. Mr. Panner, we're pleased to hear from you in rebuttal. Thank you very much, Your Honor. What the PTO is asking you to do is violently contrary to the intent of Congress. This statute has been on the books for 175 years. Congress absolutely understood that in authorizing a civil action, the parties were going to court. And it understood the scope of the expenses that the PTO sought and that courts were awarding. And never did the PTO seek to recover personnel expenses associated with its attorney's costs. Never. Now the idea that Congress in adopting that extremely old procedure intended to change that. What's your response to the government's position that the 1836 Act understood expenses to include the salaries of PTO employees? The 1836 Act addresses the fact that the PTO should set its fees in order to recover its expenses, including specifically personnel expenses. That strongly argues against the reading that the government is arguing for in the 1839 statute, which says that what is recovered are the expenses of the proceeding. If Congress in 1839 had wished to suggest that the PTO should recover the expenses of its personnel when it was litigating a civil action, a bill in equity in court following a rejection of a patent application, it very easily could have said so. It had that language and used it three years earlier. I thought if they used expenses to include the personnel expenses, then a few years later when they says all the expenses incurred by the PTO have to be borne by the plaintiff, whether you win or lose, seems to me might push the other way. But Your Honor, you changed the language in two ways, both of which favor the PTO and because what the language actually says is the PTO shall set fees to recover expenses including, and then it lists a number of them, including the costs of personnel. So that says the expenses of the PTO include salaries. Not surprising. The language of section, I forget the original provision, but what has become 145, was not expense that in this litigation, the PTO may recover its expenses. What it says is that the party who brings the action will pay the whole of the expenses of the proceeding, win or lose. And that, again, it makes perfect sense. Just as an applicant who goes to the PTO and wants to pursue a patent application must pay a fee. Okay. Now, some applications are complicated. Some applications are not complicated. Some may take a tremendous amount of examiner time. Some may not. That doesn't mean that the PTO can say, well, yours is more expensive, except to the extent there's specific authorization. If the Supreme Court has said that cost and expenses are not synonymous in federal law, and they've said that. That's true, Your Honor. All right. And then they've also said that expenses are the broader term. So what expenses, if expenses is the broader term, what does it include beyond court costs and filing fees, but short of attorney's fees? Well, Your Honor, I don't, that issue is not presented here, and I don't agree with. I don't agree because we need to, I think it's very much presented because we need to understand what the meaning of expenses was. And I want you to identify some area for me that is beyond court costs and filing fees, but short of attorney's fees. Well, Robertson v. Cooper provides an example, Your Honor. In that case, there was an out-of-pocket cost associated with transportation to a deposition. Well, there are deposition costs. Court reported. Yes, I think that might be within court costs, Your Honor. Pardon? That might be within court costs, Your Honor. I think Judge Wilkinson is asking. How about the photocopies? That probably would be within court costs as well, Your Honor. Let me say that the government itself gives an example. We don't agree with it, but I think it shows why the court certainly should not go to including attorney's fees. They give the example of an expert witness. If an expert witness needs to be retained, if in a case like this one, the government had carried out a statistically valid survey and had hired someone to do that, there might be expenses of that nature. If it's necessary, those are awarded as court costs. No, they're not, Your Honor, if they're incurred by a party. And if you look, for example, there's two cases that make that quite clear. So if you look, first of all, at Keytronic. I thought it goes to the necessity issue. I don't think so, Your Honor. In Keytronic, there's a distinction between attorney's fees and the expenses that may have been incurred to hire experts to determine that it was the Air Force that had been the original polluter. And the court says, you don't get attorney's fees. The American rule covers that. You don't get them. But that doesn't mean that you wouldn't necessarily get other response costs that are associated with what your lawyer did in determining that the Air Force was the polluter. That's one example. The other is Arlington, School Board of Arlington County, if I have that case name right, Your Honor, but Arlington County will suffice. In Arlington County, what happened is that... Your argument is that expenses... Your brief tends to suggest expenses refers only to costs as that term is understood. In other words, the filing fee or the... But I'll grant you that it doesn't really explicitly say that. But so expenses means something more than costs. And your argument is if it means something more than court costs, that means it includes experts but doesn't include the personnel expenses of the attorneys in the agency who have to defend the case. Right. Again, that's not our position. But to the extent that... You have to make that distinction, don't you, to get to your result? I certainly would make that distinction, Your Honor, that there's a difference between an out-of-pocket expense to get an expert. And as I think Judge King's questions indicate, experts are a funny area because it's clear that court costs include court-appointed experts. So if the court were to appoint an expert, that would be within costs and that could be recoverable as costs. This is a discussion precisely what Congress wanted to avoid by the use of an all-embracive term so that we wouldn't get embroiled in these arguments about, well, does an expert witness count? Does a witness transportation count? Does attorney's fees count? I don't understand why Congress wouldn't have wanted to just clear all those arguments out. Your Honor, I learned early in my career that one should never make a joke at argument, but I'm going to violate that rule. We can use a joke, I think. The joke is you ask an economist, who's the first person to pick up a $20 bill off the table? And the economist says, there is never a $20 bill on the table because someone already picked it up. The point being here, the government's position before you today is that this statute clearly authorizes the PTO to recover its personnel expenses. It does so explicitly. No one could read it. It's pellucid. In 175 years, they never saw those personnel expenses that the statute pellucidly authorizes. Okay? And Congress knows that. Congress is legislating against an exceedingly long practice in which parties are allowed to go to district court. It's not a procedure the PTO favors. They fought it in the Supreme Court case, Campos v. Hyatt. They've sought legislation to get rid of it. They do not like it. And there are very able government counsel before you who are now putting forward another argument as to why what has long been understood should be overturned and in the interest of discouraging the use of this procedure. But Congress knew. Yes, Your Honor. Thank you very much. I appreciate the extra time, Your Honor. We appreciate your argument. We will come down and greet counsel and proceed into our final case.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, Robert B. King